IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:12CV24 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY, political | ) | |
| subdivision existing and organized in the | ) | |
| State of Nebraska, and JOHN FRIEND, | ) | |
| the Clerk of the District Court, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed his Complaint on January 13, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter against two Defendants, who Plaintiff identifies as Douglas County, Nebraska and one of its employees. (Filing No. 1 at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that he was arrested in February 2006, after being "unconditionally released from prison" in 2005. (*Id.* at CM/ECF p. 3.) After his 2006 arrest, a Douglas County, Nebraska District Judge ordered that his bail be set at $75,000.00, and Plaintiff was released after "posting 10% of the bond amount," or $7,500.00. (*Id.*) On January 15, 2008, the Douglas County, Nebraska Attorney dismissed all criminal charges against Plaintiff. (*Id.* at CM/ECF p. 4.)

Plaintiff further alleges that "shortly after" the charges against him were dismissed, he attempted to "recoup his bond monies." (*Id.*) However, Plaintiff was not given the full

amount of his bond money, as Defendants charged a "10% administrative fee." (*Id.*) Plaintiff "petitioned the court" to obtain the full return of his bond money, but the Douglas County, Nebraska District Court denied his request. Plaintiff filed an appeal of the issue to the Nebraska Court of Appeals, which affirmed the Douglas County District Court. (*Id.*) Plaintiff generally alleges that the failure to return his bond money in full was the result of "failure to train" Douglas County employees regarding what bond money is returnable, and that the 10% administrative fee was unconstitutionally withheld as "profit" for Defendants. (*Id.* at CM/ECF pp. 5-9.) Plaintiff requests $30,000,000.00 in damages. (*Id.* at CM/ECF p. 12.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff brings his claims under 42 U.S.C. § 1983 and other federal constitutional provisions. (Filing No. 1.) This court is mindful of the fact that it does not possess authority

in a civil rights case to review or alter final judgments of a state-court judicial proceeding. Indeed, the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . **even if** those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486 (emphasis added). In short, the "*Rooker-Feldman* doctrine" bars this court from correcting or altering a state court judgment, and no declaratory or injunctive relief is available in this court to do so. Importantly, *Rooker-Feldman* bars "straightforward appeals" as well as "more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000). Thus, where a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim is barred by *Rooker-Feldman* because it is "inextricably intertwined with specific claims already adjudicated in state court." *Id.* at 492-93; *see also Gisslen v. City of Crystal, Minn.*, 345 F.3d 624, 627 (8th Cir. 2003) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues are inextricably intertwined.") (quotation omitted).

Here, Plaintiff's claims are styled as constitutional claims. (Filing No. 1.) However, the Complaint clearly sets forth that Plaintiff has already raised at least portions of his claims before the Douglas County, Nebraska District Court and the Nebraska Court of Appeals. (*Id.*) Although Plaintiff claims several deficiencies in the bond-money return process, awarding Plaintiff the relief he seeks would necessarily require the court to find that the administrative fee charged by Defendants was improper and that Plaintiff is entitled to return of his full bond money. Such a ruling would effectively void the state-court decisions which already determined that he was not entitled to his bond money.[1] The claims set forth in the Complaint are "inextricably intertwined" because this court cannot award Plaintiff the relief he seeks without undermining the state-court judgment. As set forth above, the "*Rooker-Feldman* doctrine" bars this court from correcting or altering a state court judgment,

---

[1] It appears that Plaintiff failed to set forth enough evidence to support his claims in Nebraska state court. (Filing No. 1 at CM/ECF pp. 4-5.) While more artfully pled, Plaintiff is simply trying to do here what he did not effectively do in state court–get his bond money back. Giving Plaintiff this "second chance" is precisely what *Rooker-Feldman* seeks to avoid.

3

and no relief is available in this court to do so. In light of this, Plaintiff's claims are dismissed. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the state court, to the extent possible.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 22nd day of March, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4